CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
July 24, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:21CR00009 |
| v. | **OPINION AND ORDER** |
| **LEELYNN DANIELLE CHYTKA,** | JUDGE JAMES P. JONES |
| Defendant. | |

*Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Leelynn Danielle Chytka has filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the alleged disparate length of her sentence and the failure of the prison authorities to provide her with Suboxone (buprenorphine and naloxone) to treat her opioid addiction. For the following reasons, the defendant's motion will be denied.[1]

I.

The defendant was sentenced by this court on June 11, 2021, after pleading guilty to an Information charging her with conspiracy to defraud the United States and to commit mail fraud (Counts 1 and 2), as well as aggravated identity theft

---

[1] The motion was filed by the defendant without legal representation, but after it was filed, the court appointed the Federal Public Defender to represent the defendant in regard to the motion. The Federal Public Defender has now given notice that no supplemental motion will be filed. Notice 1, ECF No. 63. Under the circumstances, the court can decide the motion without any response from the government.

(Count 3) and the unlawful distribution of Suboxone (Count 4).[2] Her charges grew out of a wide-ranging scheme to prepare and submit fraudulent applications for COVID-19 unemployment benefits.

In the defendant's written plea agreement, she stipulated to the proper guideline calculation for her offenses, as well as restitution of $455,930 and forfeiture of six automobiles and a computer. Plea Agreement 8, ECF No. 24. Her stipulated guidelines devolved to a total offense level of 22 and a criminal history category of I, with a resulting guideline imprisonment range of 41 to 51 months. Presentence Investigation Report (PSR) ¶ 350, ECF No. 34. At sentencing, the court varied above the guideline range and imposed a total sentence of 108 months, based upon the defendant's role in the criminal conduct. Statement of Reasons § VI(C), ECF No. 38.

The defendant was 28 years old when sentenced and had attended community college and trained as a phlebotomist and as a licensed health insurance agent. Prior to the commission of the crimes, she had been employed for five years by a medical lab as a phlebotomist. She had earlier worked as cashier at Wal-Mart and had been convicted in 2011 of embezzlement from that employment. PSR ¶ 323, ECF No.

---

[2] The original judgment was entered on June 16, 2021, ECF No. 37, and an amended judgment was entered on June 7, 2023, ECF No. 45, providing that the restitution ordered against the defendant would be joint and several with her coconspirators.

34. She is a longtime illegal drug user and was a daily user of methamphetamine when arrested. *Id.* at ¶ 339.

The defendant was the developer of the scheme to defraud, assisted by brothers Gregory and Jeffery Tackett. After obtaining names and social security numbers from ineligible persons, she prepared and filed online applications with the Virginia Employment Commission, including the names of fictious employers. As the conspiracy broaden, her applicants included friends and family members, drug associates, and inmates at the local jail where one of the Tackett brothers was incarcerated. The defendant and Gregory Tackett kept most of the money obtained. *Id.* at ¶ 44.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court may consider any circumstances or combination of circumstances of substantial gravity. U.S. Sent'g Guidelines Manual § 1B1.13(b)(5) (2023). Even if the court finds an extraordinary and compelling reason for release, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

The defendant has not stated an extraordinary and compelling reason for release. Many prisoners suffer from addiction to illegal substances, and while the denial of treatment for such addictions may be more appropriate for an Eighth Amendment claim, it does not present an extraordinary circumstance for purposes of compassionate release.

I likewise find that the defendant's sentence above the guidelines range does not constitute an extraordinary and compelling reason for release. I sentenced the defendant above the guidelines range due to her central role in the scheme and its egregious nature. The Tackett brothers received comparable sentences (102 months for Jeffery and 108 months for Gregory).

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 54, is DENIED.

ENTER: July 24, 2024

/s/  JAMES P. JONES
Senior United States District Judge